IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

GARY D. WINFORD                                                                                  PLAINTIFF

vs.                                              Civil No. 2:22-cv-02010

COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION                                   DEFENDANT

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Gary D. Winford ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable P. K. Holmes, III referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments in this case, this Court recommends Plaintiff's case be **REVERSED AND REMANDED.**

**1.**     **Background:**

Plaintiff protectively filed his disability applications on October 25, 2017. (Tr. 11).[1] In these applications, Plaintiff alleges being disabled due to degenerative disc disease, left arm rotator cuff strain, non-insulin dependent diabetes mellitus, neuropathy, and a knee injury. (Tr. 232). Plaintiff also alleged being disabled due to depression at the hearing in this matter. (Tr. 69-71).

---

[1] References to the Transcript will be (Tr.___) and refer to the document filed at ECF No. 10. These references are to the page number of the transcript itself, not the ECF page number.

Plaintiff alleges an onset date of March 19, 2017. (Tr. 11). These applications were denied initially and again upon reconsideration. (Tr. 86-87). Thereafter, Plaintiff requested an administrative hearing, and this hearing request was granted. (Tr. 58-85). Plaintiff's administrative hearing was held on September 4, 2019, and this hearing was held in Fort Smith, Arkansas. (Tr. 58-85). At this hearing, Plaintiff was present and was represented by counsel, Laura McKinnon. *Id.* Plaintiff and Vocational Expert ("VE") Zachariah R. Langley testified at this hearing. *Id.*

On February 4, 2021, the ALJ entered an unfavorable decision denying Plaintiff's disability applications. (Tr. 8-22). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2021. (Tr. 13, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since March 19, 2017, his alleged onset date. (Tr. 13, Finding 2). The ALJ found Plaintiff had the following severe impairments: disorders of the back, left shoulder impingement, right hip bursitis, and obesity. (Tr. 13-15, Finding 3). Despite being severe, the ALJ determined those impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 15, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 15-20, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant is limited to occasional stooping and crouching and occasional overhead reaching with the left upper extremity.

2

*Id.* As for his age, the ALJ determined Plaintiff was forty-seven (47) years old, which is defined as a "younger person" under 20 C.F.R. § 416.963(c) (2008) and 20 C.F.R. § 404.1563(c) (2008). (Tr. 20, Finding 7). As for his education, the ALJ determined Plaintiff had at least a high school education and was able to communicate in English. (Tr. 20, Finding 8).

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff was unable to perform any of his PRW. (Tr. 21-22, Finding 10). The ALJ also considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy, considering his age, education, work experience, and RFC. *Id.* The VE testified at the administrative hearing regarding this issue. *Id.*

Considering this testimony, the ALJ determined Plaintiff retained the capacity to perform representative light, unskilled occupations such as assembler (production) with 288,000 such jobs in the national economy, mail clerk with 106,000 such jobs in the national economy, and cleaner (housekeeper) with 126,000 such jobs in the national economy. (Tr. 21, Finding 10). Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from March 19, 2017 through the date of his decision or through October 24, 2019. (Tr. 22, Finding 11).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's decision. On November 16, 2021, the Appeals Council denied this request for review. (Tr. 1-7). On January 14, 2022, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 12, 15. This case is now ready for decision.

**2.**     **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's

3

findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that

4

significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

In his appeal brief, Plaintiff raises five arguments for reversal: (1) the ALJ erred in failing to fully and fairly develop the record; (2) the ALJ erred at Step Two of the Analysis by finding his depression and speech impairment were non-severe; (3) the ALJ erred in analyzing his subjective complaints under *Polaski*; (4) the ALJ erred in his RFC determination; and (5) the ALJ erred in his Step Five determination. ECF No. 12 at 1-18. Upon review of his second argument, the Court finds it is merited, and this case should be remanded on this basis. Thus, the Court will only address this issue.

A claimant suffers from a severe impairment if that impairment is more than slight and if that impairment affects the claimant's ability to do his or her basic work activities. *See Householder v. Bowen,* 861 F.2d 191, 192 n.1 (8th Cir. 1988). The Supreme Court has also held that a claimant does not suffer from a severe impairment where the claimant only suffers from "*slight abnormalities* that do not significantly limit any 'basic work activity.'" *See Bowen v. Yuckert,* 482 U.S. 137, 155 (1987) (O'Connor, S., concurring) (emphasis added); *see also Brown*

5

*v. Bowen,* 827 F.2d 311, 311-12 (8th Cir. 1987) (adopting Justice O'Connor's language from *Bowen v. Yuckert*).  *See also Kirby v. Astrue,* 500 F.3d 705, 707-09 (8th Cir. 2007).

Furthermore, the standard for determining whether a claimant suffers from a severe impairment is a low standard.  *See Nicola v. Astrue,* 480 F.3d 885, 887 (8th Cir. 2007) (reversing the decision of the ALJ and holding that a diagnosis of borderline intellectual functioning should have been considered severe because that diagnosis was supported by sufficient medical evidence).  If the ALJ errs by finding a severe impairment is not severe, the ALJ's disability determination must be reversed and remanded.  *See Nicola,* 480 F.3d at 887.

In the present action, Plaintiff alleges being disabled due to depression.  (Tr. 69-71, 324).  Plaintiff testified suffering from depression and testified to seeing a counselor.  (Tr. 70).  Plaintiff testified he took Prozac and a form of Seroquel.  *Id.*  Plaintiff testified he took this medication every night and it made him sleepy in the morning.  *Id.*  Plaintiff testified he had been taking this medication for six months and sees a counselor monthly.  (Tr. 71).  Plaintiff had been diagnosed with depression and was being treated for depression.  (Tr. 425, 475, 479).  Based upon the record, it does not appear these symptoms have resolved; and while they have improved with medication, he still suffers from significant side effects as a result of this medication.  According to his counseling records, he was found to have "unremitting symptoms of depression."  (Tr. 476).  This is sufficient evidence to meet the low standard for demonstrating a severe impairment.  Thus, this case must be reversed and remanded for consideration of Plaintiff's depression.

**4.**     **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and recommends it be **REVERSED AND REMANDED.**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. See *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 18th day of October 2022.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE